IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 DEC 11  A 10: 44
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

| | |
|---|---|
| **EDMOND K. MACHIE,** | * |
| **Plaintiff,** | * |
| v. | * Case No.: GJH-15-3360 |
| **JUDGE LEO E. GREEN, JR., et al.,** | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

A brief history of Plaintiff Edmond Machie's civil filings is in order. Machie filed a civil complaint raising counts of battery and intentional infliction of emotional distress against the Washington Metropolitan Area Transit Authority ("WMATA") in the Circuit Court for Prince George's County, Maryland. The Complaint alleged an April 20, 2012 fare dispute on a WMATA bus in Arlington County, Virginia, wherein the bus operator violently threw Machie out of the front of the bus causing him injury. WMATA removed the case here. *See Machie v. WMATA*, Civil Action No. PJM-14-107 (D. Md.). In August of 2014, new counsel, Eric Rosenberg, entered his appearance on behalf of Machie. A subsequent settlement conference followed and the parties resolved the case for the payment of $130,000.00 from WMATA to Machie. A Settlement Order was entered on October 17, 2014, and the case was dismissed.

A dispute ensued between Machie and Rosenberg regarding the "appropriateness" of Rosenberg's retainer fee (40% of the recovery amount or $52,000.00). Rosenberg filed a Motion for Appropriate Relief in *Machie v. WMATA*, seeking federal court intervention. On February 27, 2015, the Motion was dismissed without prejudice, to allow Rosenberg and Machie to pursue

their respective causes of action in the appropriate state court.

On March 12, 2015, Rosenberg filed a contract suit against Machie in the Circuit Court for Prince George's County. *See Rosenberg v. Machie*, Case No. CAL-15-04510 (copy of docket attached). The docket shows that Rosenberg was represented by Phillip R. Zuber and that Judge Leo Green presided over the matter. Status conferences and motions hearings occurred in the state court case and on October 20, 2015, Judge Green directed that judgment be entered in favor of Rosenberg and against Macie in the amount of $52,000.00. WMATA was to pay into the registry of the Circuit Court the sum of $130,000.00 as full settlement of *Machie v. WMATA*. Machie's notice of appeal is pending.

The Court now turns to the instant case. On or about October 26, 2015, the United States District Court for the District of Columbia received for filing Machie's 28 U.S.C. § 1332 diversity Complaint. In effect, Machie, reiterates the elements of his fee dispute with Attorney Rosenberg and challenges the aforementioned state court proceedings. He seeks compensatory and punitive damages in the amount of $10,000.000 and raises counts of "blackmail, harassment, contempt of court, fraud and/or intend to fraud, conflict of interest, abuse of authority." ECF No. 1. The case was transferred to this Court that same date. *Id.* at ECF Nos. 5 & 6.

Machie has filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Although the Court has strong questions regarding his indigency status in light of the settlement in his previously filed federal and state court cases, the Court shall provisionally grant Machie leave to proceed without prepayment of the filing fee. His Complaint, however, shall be summarily dismissed.

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the

question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). In general, if subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

The Court has carefully reviewed Machie's Complaint and finds that a federal claim is not apparent. At best, his cause of action alleges nothing more than tortious conduct on the part of attorneys, a judge, and judicial staff. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith -- there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995).

It is undisputed here that the parties are diverse. Machie has failed to show, however, that

"the matter in controversy exceeds $75,000, exclusive of interest and costs." The cause of action arises out of a state court action related to the disputed fee agreement and settlement involving $52,000.00. Machie seeks approximately $10,000,000.00 in both compensatory and punitive damages against each Defendant. "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan,* 58 F.3d at 112. Punitive damages have long been included in determining whether the amount in controversy requirement has been met. *See* 14B Wright & Miller § 3702 at 89 (punitive damages). The Court, however, finds that Machie's Complaint does not currently state claims for which punitive damages can be awarded. The Complaint fails to allege facts specific to satisfy the amount in controversy required by 28 U.S.C. § 1332 and it is a "legal certainty" that Machie cannot recover punitive damages based on the Complaint as it currently exists.[1]

Further, Machie's issues with the actions of Defendants in his state court case are not subject to review here, as the Court is also without jurisdiction to review the gravamen of the allegations. This action is based upon the history of a concluded state court proceeding and Machie's issue with the judicial determinations entered therein. The *Rooker-Feldman* doctrine is based upon the holdings of the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413

---

[1] Under applicable Maryland law, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages in a tort action. *See View Point Sys., LLC v. Athena Health, Inc.,* 9 F. Supp. 3d 588, 616-17 (D. Md. 2014). Maryland courts have defined "'actual malice' as 'conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud.'" *Darcars Motors of Silver Spring, Inc. v. Borzym,* 379 Md. 249, 264, 841 A.2d 828, 837 (2004) (quoting *Owens–Illinois, Inc. v. Zenobia,* 325 Md. 420, 460, 601 A.2d 633, 652 (1992). Thus, "'negligence alone, no matter how gross, wanton, or outrageous, will not satisfy [the] standard [of actual malice].'" *Borzym,* 379 Md. at 264, 841 A.2d at 837 (alteration in original) (quoting *Owens–Illinois, Inc.,* 325 Md. at 463, 601 A.2d at 654). Actual malice must be established by clear and convincing evidence. *Borzym,* 379 Md. at 264, 841 A.2d at 837; *see Le Marc's Mgmt. Corp. v. Valentin,* 349 Md. 645, 652, 709 A.2d 1222, 1226 (1998).

(1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine operates to deprive a district court of subject matter jurisdiction in a narrow set of circumstances, specifically in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006), the Fourth Circuit held that "the *Rooker–Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker–Feldman* doctrine does not apply." *Id.* at 718. This action is based upon state court proceedings and Machie's dispute with those judicial determinations and he may not proceed in this federal district court based upon his dissatisfaction with the state court findings. The action is therefore dismissed on that basis as well.

Finally, to the extent that Machie is leveling general damage claims of bias against Judge Green and his judicial assistant, he is barred from filing the Complaint. It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Mandel v. O'Hara*, 320 Md. 103, 107, 576 S.2d 766, 768 (1990) ("Absolute 'immunity protects . . . judges . . . so long as their acts are 'judicial' . . . in nature and within the very general scope of their jurisdiction.'").

Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter. *See King v. Myers*, 973 F.2d 354, 356–57 (4th Cir. 1992). Accordingly, a plaintiff alleging a claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.* Machie cannot make such a showing. For the reasons set out herein, the Complaint shall be summarily dismissed by separate Order.

Dated: December 11, 2015

GEORGE J. HAZEL
United States District Judge

6